UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CASE:

CARLOS BRITO,

    Plaintiff,
v.

TEXAS ROADHOUSE HOLDINGS
LLC D/B/A TEXAS ROADHOUSE,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, CARLOS BRITO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues, TEXAS ROADHOUSE HOLDINGS LLC D/B/A TEXAS ROADHOUSE (hereinafter "Defendant"), and as grounds alleges:

JURISDICTION, PARTIES. AND VENUE

1.    This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.    The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4.    Plaintiff, CARLOS BRITO, is an individual over eighteen years of age, who splits his time between Miami-Dade County, Florida and El Paso County, Colorado, and is otherwise *sui juris*.

5. At all times material, Defendant, TEXAS ROADHOUSE HOLDINGS LLC, was and is a Foreign Limited Liability Company, incorporated in the State of Kentucky, with its principal place of business in Louisville, Kentucky.

6. At all times material, Defendant, TEXAS ROADHOUSE HOLDINGS LLC, owned and operated a restaurant at 3120 N Powers Blvd, Colorado Springs, Colorado 80922 (hereinafter the "Commercial Property"). Defendant, TEXAS ROADHOUSE HOLDINGS LLC, holds itself out to the public as "Texas Roadhouse".

7. Venue is properly located in the District of Colorado because Defendant's Commercial Property is located in Colorado Springs, Colorado, Defendant regularly conducts business within Colorado Springs, Colorado, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Colorado Springs, Colorado.

## FACTUAL ALLEGATIONS

8. Although nearly thirty (30) years have passed since the effective date of Title III of the ADA, Defendant have yet to make their facilities accessible to individuals with disabilities.

9. Congress provided commercial business one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continue to discriminate against people who are disabled in ways that block them from access and use of Defendant's Commercial Property and the business therein, including the retail shopping store.

10. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

11. Plaintiff, CARLOS BRITO, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, CARLOS BRITO, is, among other things, a paraplegic (paralyzed

from his T-6 vertebrae down) and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate.

12. Defendant, TEXAS ROADHOUSE HOLDINGS LLC, owns, operates and/or oversees the Commercial Property, its general parking lot and parking spots specific to the business therein, and it owns, operates and/or oversees said Commercial Property located in Colorado Springs, Colorado, that is the subject of this Action.

13. The subject Commercial Property is open to the public and is located in Colorado Springs, Colorado. The individual Plaintiff visits the Commercial Property regularly, to include a visit to the property on or about January 17, 2022 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial property and the business located therein. He plans to return to and often visits the Commercial Property and the other business located within the Commercial Property, in order to avail himself of the goods and services offered there, if the property/business become accessible.

14. Plaintiff, CARLOS BRITO, visited the Commercial Property as a patron/customer, regularly visits the Commercial Property and business within the Commercial Property as a patron/customer, and intends to return to the Commercial Property and business therein in order to avail himself of the goods and services offered to the public at the property. Plaintiff spends much of his time in and near El Paso County, Colorado, in the same state as the Commercial Property, has regularly frequented the Defendant's Commercial Property and business located within the Commercial Property for the intended purposes, and intends to return to the property within four (4) months' time of the filing of this Complaint.

15. The Plaintiff found the Commercial Property to be rife with ADA violations.

3

The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of the premises.

16. The Plaintiff, CARLOS BRITO, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and business therein. The barriers to access at Defendant's Commercial Property and business within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered his safety. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, CARLOS BRITO, and others similarly situated.

17. Defendant, TEXAS ROADHOUSE HOLDINGS LLC, owns and/or operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, TEXAS ROADHOUSE HOLDINGS LLC, owns and/or operates is the Commercial Property located at 3120 N Powers Blvd, Colorado Springs, Colorado 80922.

18. Plaintiff, CARLOS BRITO, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property and the business therein, but not necessarily limited to the allegations in Paragraph 21 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property and the business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located within the Commercial Property, not only to avail himself of the goods and services available at this Commercial Property and business therein, but to assure himself that the property and business therein are in compliance with the ADA, so that he and

4

others similarly situated will have full and equal enjoyment of the property and business therein without fear of discrimination.

19.     Defendant have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and the business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## ADA VIOLATIONS

20.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 19 above as though fully set forth herein.

21.     Defendant, TEXAS ROADHOUSE HOLDINGS LLC, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. Parking and Exterior Accessible Route

i. Accessible spaces lack clear and level aisles, they have slopes or cross slope of 3.1% (>2%) endangering Carlos Brito when unloading and violating the ADAAG and ADAS Section 502.

ii. Texas Roadhouse has no van spaces where 1 are required preventing Carlos Brito and other disabled patrons safe unloading from vans violating ADAAG Section 4.1.2 (5)(b) and Section 502 of the 2010 ADAS.

iii. Carlos Brito could not safely unload as ramps protrude into the parking areas or access

       aisles at Texas Roadhouse creating slopes of 11.4% and violating ADAAG Section 4.8 and 2010 ADAS Section 406.5.

iv. Carlos Brito could not safely unload as ramps protrude into the parking areas or access aisles at Texas Roadhouse creating slopes of 11.7% and violating ADAAG Section 4.8 and 2010 ADAS Section 406.5.

B. <u>Entrance Access and Path of Travel</u>

i. Accessible routes at Texas Roadhouse have changes in level of 1" (>3/4") creating hazardous conditions for Carlos Brito violating ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

ii. Ramps at Texas Roadhouse lack compliant landings at top and bottom of each run (30" rise max) endangering Carlos Brito and violating the ADAAG and ADAS Section 405.

iii. Ramp surface contains an excessive slope/side slope of 11.7% (> 8.33%) in violation of ADAAG Section 4.8 and Section 405 2010 ADAS.

iv. Ramp surface contains an excessive slope/side slope of 11.4% (> 8.33%) in violation of ADAAG Section 4.8 and Section 405 2010 ADAS.

C. <u>Access to Goods and Services</u>

i. Table-top and writing surface heights are > 34" (28" min / 34" max), preventing use by Carlos Brito, violating 2010 ADAS.

ii. Table knee and toe space is , high (27" min) and deep (17" min), preventing use by Carlos Brito.

D. <u>Restrooms</u>

i. Sink knee clearance 25" width (27" min @ 8" deep) prevents Carlos Brito from accessing sink, which violates ADAAG and 2010 ADAS Sec. 306.

    ii.    Carlos Brito cannot access improperly mounted dispenser at Texas Roadhouse is 1" below grab bar, does not comply with section 609.3 of 2010 ADAS.

    iii.    Toilet paper dispenser is mounted at < 7" (7"-9" in front of seat), creating hazard for Carlos Brito, violating 2010 ADAS.

    iv.    The baby changing table 56" AFF to gripping surface (does not comply with the ADAAG and 2010 ADAS, preventing use by Carlos Brito.

    v.    Carlos Brito cannot access the storage areas, violating the ADAAG and 2010 ADAS.

## RELIEF SOUGHT AND THE BASIS

22.    The discriminatory violations described in Paragraph 21 are not an exclusive list of the Defendant's ADA violations. Plaintiff requests an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, CARLOS BRITO, from further ingress, use, and equal enjoyment of the Commercial Property and other business therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

23.    The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant's Commercial Property and other business within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendant because of Defendant's ADA violations as set forth above. The

7

individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan.

24. Defendant have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

25. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

26. Defendant, TEXAS ROADHOUSE HOLDINGS LLC as landlord and owner of the Commercial Property is primarily responsible for all ADA violations listed in this Complaint.

27. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

28. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

29. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the property where Defendant operate their business, located within the Commercial Property located in Colorado Springs, Colorado, the interiors, exterior areas, and the common exterior areas of the Commercial Property and business to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cure its violations of the ADA.

WHEREFORE, the Plaintiff, CARLOS BRITO, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant

to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: April 20, 2022

                                    **GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
1600 Broadway, Suite 1600
Denver, Colorado 80202
Telephone:   (720) 996-3500
Facsimile:    (720) 381-0515
Primary E-Mail:    ajperez@lawgmp.com
Secondary E-Mail: dperaza@lawgmp.com
bvirues@lawgmp.com.

By:      */s/ Anthony J. Perez*
     ANTHONY J. PEREZ
     BEVERLY VIRUES